**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KINGS RIVER PACKING, LP, a California limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>WKS AG CONSULTANTS, INC., a California corporation doing business as TOP SHELF PRODUCE SALES AND INSPECTIONS, and WILLIAM SLATTERY, an individual,<br><br>Defendants. | Case No: 1:25-cv-00022-JLT-SKO<br><br>ORDER VACATING HEARING AND GRANTING PLAINTIFF, KINGS RIVER PACKING, LP'S MOTION FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY |

Before the Court is Plaintiff's Motion for Preliminary Injunction and for Expedited Discovery. (Doc. 7.) The motion was filed on January 16, 2025, noticed for hearing on March 3, 2025, and personally served on the Defendants on January 19, 2025. Pursuant to Local Rule 230(c), any opposition was due no later than January 30, 2025. As of the date of this order, the Court has received no opposition or any other communication from any Defendant.[1] Local Rule 230(c) provides that "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion" and precludes such parties from being heard in opposition. As a result, there are no disputes of fact that

---

[1] Plaintiff's Counsel indicates that Defendants may be in the process of entering bankrupcy. (*See* Declaration of Steven M DeFalco, Doc. 7-3, ¶¶ 7–9.) The Court has queried the Electronic Case Filing system for the Eastern District of California Bankruptcy Court on several occasions since the motion was filed, but thus far has discovered no relevant filings in this judicial district. Nor has the Court been informed of any bankruptcy filing by any Defendant.

require a hearing on the pending motion, so the hearing set for March 3, 2025 is **VACATED**. Having reviewed the Motion and the entire record, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Based upon filed pleadings and other supporting documents, the Court makes the following findings of fact:

(a) On January 6, 2025, Plaintiff, Kings River Packing, LP ("Kings River"), commenced this lawsuit to enforce its rights against Defendants, WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections ("Top Shelf") and William Slattery, under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-t ("PACA"), including the statutory PACA trust (7 U.S.C. §499e(c)) ("PACA Trust"), federal common law, and applicable state law, and (b) recover damages from them. (Doc. 1.)

(b) Between March 8, 2024, and April 26, 2024, Kings River and Top Shelf entered into contracts in which Kings River agreed to sell perishable agricultural commodities (produce) to Top Shelf in interstate commerce; and Top Shelf agreed to pay Kings River $425,680.35 for the produce (the "Transactions"). (Declaration of Jesse Silva ("Silva Decl."), ¶ 6.)

(c) During the Transactions, Kings River and Top Shelf operated as produce dealers under PACA and held PACA licenses issued by the United States Department of Agriculture to buy and sell wholesale quantities of produce in interstate commerce. (Silva Decl., ¶¶ 4, 5, 7.)

(d) Top Shelf Produce received and accepted the produce from Kings River. (Silva Decl. ¶¶ 8, 13.)

(e) Kings River sent invoices to Top Shelf specifying the agreed quantities of produce and amounts due. (Silva Decl., ¶ 9.)

(f) Each invoice included the statutory language required to preserve Kings River's PACA Trust benefits under 7 U.S.C. § 499e(c). (Silva Decl., ¶ 10.)

(g) The invoices included terms for attorneys' fees, collection costs, and 1.5% monthly interest (18% annually) on overdue balances. (Silva Decl., ¶ 11.)

(h) Top Shelf did not object to these terms. (Silva Decl., ¶ 12.)

(i) Despite receiving and accepting the produce and invoices, Top Shelf failed to pay Kings River. (Silva Decl., ¶ 13.)

(j) Top Shelf owes Kings River $425,680.35, plus 18% simple annual interest from the date each transaction became past due, along with attorneys' fees and costs. (Silva Decl., ¶ 14.)

## CONCLUSIONS OF LAW

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 97 (9th Cir. 2008) (en banc) ). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The Court concludes that Kings River satisfies each requirement and therefore, an injunction is warranted.

First, Kings River is likely to succeed on the merits, as it has satisfied the elements to become a PACA Trust beneficiary of Top Shelf. 7 U.S.C. §499e(c), 7 C.F.R. § 46.46; *Produce Pay, Inc. v. FVF Distributors Inc.*, 468 F. Supp. 3d 1304, 1314 (S.D. Cal. 2020).[2] Top Shelf, which has not appeared, has offered no defenses for its failure to pay and maintain sufficient assets subject to the PACA Trust ("PACA Trust Assets") to satisfy Kings River's PACA Trust claim.

---

[2] There are five elements to a PACA cause of action: "(1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices. *Produce Pay*. All of these elements are satisfied here, as the facts set forth above demonstrate.

Second, Kings River will suffer irreparable harm without injunctive relief, as Top Shelf had dissipated or is threatening to dissipate Kings River's interests in the PACA Trust. 7 U.S.C. §499e(c); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140 (3d Cir. 2000) (PACA trust dissipation constitutes irreparable harm); *CP Produce, LLC v. Quality Fresh Farms, Inc.*, No. 1:18-CV-00077-DAD-EPG, 2018 WL 1980749, at *3 (E.D. Cal. Jan. 19, 2018)(citing cases holding that "the prospect of statutory trust assets being depleted constitutes irreparable injury"); (*see also* Silva Decl., ¶¶ 15–22 (describing Plaintiff's efforts to collect payment and Defendant's unfulfilled promises to make payment in full)). This dissipation warrants injunctive relief to:

(1) Stop Top Shelf from further dissipating the PACA Trust Assets;

(2) Prevent non-trust creditors (and other produce creditors who are not entitled to remedies under PACA) from obtaining trust assets ahead of the trust's beneficiaries; and

(3) Return the trust to a fully funded level sufficient to satisfy in full the claims of all qualified beneficial interests

Next, Plaintiff is statutorily entitled to a trust in the proceeds of any sales from the produce it shipped until the outstanding invoices are paid in full. See 7 U.S.C. § 499e(c)(2). Defendants' failure to respond to the pending motion is a failure on their part to demonstrate any hardship they will suffer by being forced to not dissipate the trust assets. *Kern Vineyards,* 2020 WL 869126, at *4. Conversely, as discussed above, Kings River faces substantial harm if Top Shelf continues dissipates the PACA Trust Assets. Thus, the balance of the equities weighs in favor of an injunction.

Lastly, issuing a Preliminary Injunction serves the public interest, namely, Congress' protection guaranteed Kings River and other PACA Trust beneficiaries. 7 U.S.C. §499e(c)(1); *Kern Vineyards,* 2020 WL 869126, at *4; *CP Produce,* 2018 WL 1980749, at *4.

Additionally, the Court grants Kings River's request for expedited discovery. Without this expedited discovery, Kings River will face difficulties in locating and recovering PACA Trust Assets, contradicting Congress' intent in creating the PACA Trust for beneficiaries to protect beneficiaries like Kings River.

**ORDER**

For the reasons set forth above, the Court grants Plaintiff's Motion for Preliminary Injunction

and for Expedited Discovery and **ORDERS** as follows:

1. The Court has jurisdiction over the assets subject to the PACA Trust and this Order. 7 U.S.C. §499e(c)(5).

2. Defendants and their respective officers, agents, servants, employees, subsidiaries or related companies, financial and banking institutions, and attorneys, together with all other persons in active concert or participation with them, from dissipating, transferring, encumbering, or otherwise disposing of PACA Trust Assets, and from using trust assets to pay any creditors or entities up to $425,680.35 until (a) further Court Order, (b) full payment of the $425,680.35 principal balance, plus attorneys' fees, costs, and interest at 18% simple annual interest on the past due balance to Kings River Packing, LP by cashier's check or certified check, or (c) upon Kings River Packing, LP's agreement.

3. The PACA Trust Assets subject to this Order include all assets of WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections, unless Defendants or a third party prove that a specific asset is not derived from perishable agricultural commodities, inventory of food or other products derived from such commodities, or receivables or proceeds from their sale. However, WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections may sell perishable agricultural commodities or products derived from those commodities at fair market value, without set-off rights, provided that WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections accounts for and maintains the proceeds in compliance with this Order.

4. WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections shall serve a copy of this Order on all banking and financial institutions with which it conducts business, as well as any person or entity holding assets on its behalf. Within three (3) business days of serving this Order, WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections shall file a Certificate of Service listing all persons and entities served.

5. Any banking or financial institutions receiving notice of this Order shall:
   (a) Accept checks, ACH payments, or wire transfers deposited by WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections into its account; and
   (b) Credit the full amount of each deposit to the respective account balance.

6. No later than three (3) business days after receiving notice of this Order, any banking or financial institutions with which WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections conducts business shall provide Kings River Packing, LP's attorney with the current account balances for all accounts under WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections' name.

7. For each account under WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections' name, the banking or financial institution shall produce copies of bank account statements, including all debit and credit transactions, checks, wire confirmations, check registers, and checks stubs, covering the period from January 1, 2024, through the date of production.

8. No later than five (5) business days after receiving notice of this Order, WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections shall produce to Kings River Packing, LP's attorney the following documents:

   (a) Bank account statements, including all debit and credit transactions, checks, wire confirmations, check registers, and checks stubs, covering the period from January 1, 2024, through the date of production;

   (b) A current, detailed, and aged accounts payable statement;

   (c) A current, detailed, and aged accounts receivable statement; and

   (d) A list of all assets and equipment owned at any time over the past year.

9. If the parties reach a written settlement agreement resolving the claims in Kings River Packing, LP's Complaint within five (5) business days after WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections receives notice of this Order, WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections is relieved of its obligation to produce documents, information, and tangible items specified in Paragraph 9.

10. This Order binds the parties to this action, as well as banking and financial institutions and any other person or entity receiving actual notice of this Order, whether by personal service, email, facsimile transmission, priority mail, or Federal Express.

11. The $425,680.35 in PACA Trust assets belonging to Kings River Packing, LP and in WKS AG Consultants, Inc. d/b/a Top Shelf Produce Sales and Inspections' possession serves as Kings

1  River Packing, LP's security for this injunction, as required by FRCP 65(c).

2      12.   Kings River Packing, LP shall serve a copy of this Order on Defendants, their registered
3  agent, or their counsel by personal service, email, facsimile transmission, priority mail, or Federal
4  Express no later than two business days following the issuance of this Order.

5      13.   The Court finds service by personal service, email, facsimile transmission, priority mail,
6  or Federal Express is good and sufficient.

IT IS SO ORDERED.

Dated: **February 13, 2025**


UNITED STATES DISTRICT JUDGE